101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Cesar L. VASQUEZ, Plaintiff-Appellant,
v.
NEW BRITAIN GENERAL HOSPITAL, Defendant-Appellee.
 No. 95-7740.
 United States Court of Appeals, Second Circuit.
 April 1, 1996.
 
 Lawrence H. Dickson, Weber & Marshall, New Britain, Conn. APPEARING FOR APPELLANT:
 Richard D. O'Connor, Siegel, O'Connor, Schiff & Zangari, Inc., Hartford, CT. APPEARING FOR APPELLEE:
 PRESENT: HONORABLE JON O. NEWMAN, Chief Judge. HONORABLE JAMES L. OAKES, HONORABLE FRED I. PARKER, Circuit Judges.
 
 
 1
 Cesar L. Vasquez appeals from the March 13, 1995, judgment, rejecting, after motions for summary judgment, a jury trial and a bench trial, his various claims stemming from his discharge by his former employer, New Britain (Conn.) General Hospital. Vasquez was discharged after fighting with a fellow employee.
 
 
 2
 Count 3, alleging a contract claim based on an employee handbook, was properly dismissed since the handbook plainly states, in clear language and adequate type size, that the handbook does not create contractual rights. Similarly, Count 4, alleging promissory estoppel and breach of a covenant of good faith, was properly dismissed for lack of a promise and because the discharge did not violate Connecticut public policy or otherwise breach a duty of good faith. Count 2, alleging a violation of 42 U.S.C. § 1981, was also properly dismissed for lack of an enforceable contract.
 
 
 3
 Count 6, alleging intentional infliction of emotional distress, was properly dismissed because of the coverage of the state's workers' compensation law.
 
 
 4
 The Court's findings on Count 1, alleging a hostile work environment in violation of Title VII, were not clearly erroneous, for reasons fully detailed in Judge Covello's opinion.